



# MEMORANDUM OPINION

No. 04-11-00300-CR

**IN RE** Anthony R. **PERRYMAN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  May 25, 2011

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On April 25, 2011, relator Anthony Perryman filed a petition for writ of mandamus, complaining the trial court failed to rule on various *pro se* post-conviction motions. However, relator ties his right to mandamus relief specifically to his intent to file a post-conviction application for writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction habeas corpus proceedings. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2008); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the

---

[1] This proceeding arises out of Cause No. 2008-CR-4078, styled *State of Texas v. Anthony R. Perryman*, in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip Kazen presiding.

exclusive means to challenge a final felony conviction."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (holding that if an applicant finds it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Texas Court of Criminal Appeals). Because the relief sought in relator's petition relates to post-conviction habeas corpus relief, we are without jurisdiction to consider his petition for writ of mandamus. Accordingly, relator's petition is DISMISSED FOR LACK OF JURISDICTION.

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH